

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 20, 2019

**BY ECF & HAND**

The Honorable J. Paul Oetken
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *United States v. Clint Edwards*, 19 Cr. 18 (JPO)

Dear Judge Oetken:

    This case is about the safety of the judges, juries, court reporters, courtroom deputies, law clerks, United States Marshals, translators, and lawyers whose job it is to administer the criminal justice system. For the reasons explained below, the Government submits that a consecutive Guidelines Sentence of 41-51 months' imprisonment would be appropriate punishment for Clint Edwards (the defendant) in this case.[1]

**A. Factual Background**

    On or about June 2017, the defendant communicated with a 14-year-old child ("Victim-1") and solicited sexual images and videos from Victim-1. (Presentence Report ("PSR") at ¶ 58.) The defendant subsequently had sexual intercourse and oral sex with Victim-1. (*Id.*) The defendant filmed himself having sexual intercourse with Victim-1. The defendant was ultimately convicted in this Court of coercing and enticing a minor to engage in illegal sexual activity.

    On November 30, 2018, the defendant was sentenced in the federal courthouse in White Plains. The Government is enclosing as Exhibit A a disc with the video and audio from the November 30, 2018 sentencing. During that sentencing, the prosecutor detailed the defendant's criminal history (his "record") and the judge ultimately imposed a sentence of 240 months' imprisonment. The defendant then disrupted the proceeding when he pointed directly at the Assistant United States Attorney and threatened to kill her: "Fuck you stupid bitch I should kill you too, you fucking cunt. You stupid ho. You have the nerve to talk about my fucking record, I'll show you my record." (Presentence Report ¶ at 11.) He lunged at the Government's table and threw the Government's papers in the air. The judge had to leave the bench and the Marshals had to forcibly restrain the defendant. (*Id.*) But, even though he was restrained, the defendant continued with his threats. He further threatened, "You want to see violence, I'm going to show you violence." (*Id.*) When the sentencing judge returned to the courtroom, the defendant stated,

---

[1] Sentencing is scheduled for September 27, 2019 at 11:00 a.m.

in sum and substance, "You'll see me again [judge], hopefully you are still alive you fucking ho." (*Id.* at ¶ 12.)

The defendant's conduct was dangerous—multiple United States Marshals had to restrain him and the judge was forced to leave the bench. But more fundamentally, the defendant's threats were in direct retaliation to the judge's and prosecutor's performance of their official duties.

On January 8, 2019, a Grand Jury sitting in this district returned a two count indictment charging the defendant with one count of threatening a federal judge and one count of threatening an Assistant United States Attorney in violation of 18 U.S.C. § 115(a)(1)(B) and 2. On June 3, 2019, the defendant pleaded guilty to both counts in the indictment. The Government's *Pimentel* letter calculated the defendant's guidelines range as 41-51 months' imprisonment (the "Guidelines Range") and the Probation Department agrees with this calculation. (PSR at ¶ 132.)

**B. The Defendant's Relevant Criminal History**

The defendant has a long and violent criminal history. For example:

- In 2011, the defendant put a pillow over his mother's face in an attempt to suffocate her. (PSR ¶ 52.) He then proceeded to choke his mother and hit his mother with a stick. (*Id.*) For that offense, the defendant was sentenced to 90 days' imprisonment.

- In May 2013, the defendant entered the backyard of a home and threw a brick at the windows of the bedroom belonging to an individual's children (the children were ages six months, 12 years, and 14 years). (PSR at ¶ 53.) The windows shattered. (*Id.*) The defendant was sentenced to one year imprisonment. (*Id.*)

- In July 2013, the defendant threatened to kill his mother stating that when he returned home he was "going to 'fucking kill you.'" (PSR ¶ 54.) He was sentenced to one year imprisonment. (PSR ¶ 54.)

- In July 2015, the defendant hit his then girlfriend in the face, choked her, and took her cellphone when she tried to call for help. (PSR ¶ 55.) He was sentenced to 9 months' imprisonment. (*Id.*)

- In August 2016, the defendant struck a woman in the mouth, threw her into a bathtub, and choked her so that she was unable to breathe. (PSR ¶ 56.) The woman's two-year-old daughter was present for that incident. (*Id.*)

- In June 2017, as discussed above, the defendant was convicted of coercing and enticing a 14-year-old child. (PSR ¶ 58.) He was sentenced in federal court to 240 months' imprisonment. (*Id.*)

- In February 2018, the defendant was incarcerated and assaulted another inmate so viciously that the inmate lost consciousness and began convulsing. (PSR ¶ 61.) He was sentenced to 18 months to 3 years' imprisonment. (*Id.*)

- In October 2018, the defendant was incarcerated and caused a door to slam on an officer's left hand and finger. (PSR ¶ 62.) The defendant was sentenced to 18 months' to 3 years' imprisonment. (*Id.*)

**C. Discussion**

    **1.**       **Applicable Law**

The Government submits that a consecutive sentence within the Guidelines Range of 41 to 51 months' imprisonment is appropriate for this defendant. As the Court is aware, the Sentencing Guidelines provide strong guidance to sentencing courts following *United States v. Booker*, 543 U.S. 220 (2005), and *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). Because the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions," *Gall v. United States*, 552 U.S. 38, 46 (2007), district courts must treat the Guidelines as the "starting point and the initial benchmark" in sentencing proceedings. *Id.* at 49. After that calculation, however, the Court must consider the seven factors outlined in Title 18, United States Code, Section 3553(a), which include the nature and circumstances of the offense, the individual characteristics of the defendant, and the need to adequately deter criminal conduct, protect the public from further crimes of the defendant, and promote respect for the law. *Id.* at 50 & n.6.

    **2.**       **A Consecutive Guidelines Sentence Is Appropriate**

A consecutive Guidelines sentence of 41 to 51 months' imprisonment is necessary to reflect the seriousness of this offense, provide general and specific deterrence, and to protect the public from further crimes of the defendant.

*The Seriousness of the Offense*

As an initial matter, this was a serious offense and the defendant's history of violence shows that these threats were not mere talk. The defendant's threats were meaningful because the defendant *is* violent. Indeed, less than a year before his sentencing, the defendant assaulted another inmate so viciously that the inmate lost consciousness, began convulsing, and had to be admitted to the intensive care unit. (*Id.* at ¶ 61.) The record that the defendant threatened to "show" the prosecutor was his long history of violence, which included threating to kill his own mother, choking, suffocating, and otherwise violently abusing women.

Indeed, nobody knew the defendant's capacity for violence better than the prosecutor who spoke at his sentencing or the sentencing judge who reviewed his criminal history in detail. Put simply, when the defendant threatened to "show . . . violence," it was backed up by years of evidence. Thankfully, the Marshals intervened and forcibly restrained the defendant. But the defendant should not get credit for failing to carry out any of his violent threats because he was forcibly restrained.

*Adequate Deterrence and Respect for the Rule of Law*

Moreover, a consecutive Guidelines sentence is necessary for adequate deterrence and to promote respect for the law. The defendant's threats were designed to undermine the criminal

justice system. They were made because he didn't like the argument that the prosecutor was making or the sentence the judge imposed. A consecutive Guidelines sentence will send the message to the people who work each day in the criminal justice system that they will not be threatened with violence for simply doing their jobs. A consecutive Guidelines sentence is also important to specifically deter the defendant, who continues to commit violent crimes while incarcerated, from continuing to commit crimes in the future.

*Protect the Public*

Defendant's submission simply asserts that protecting the public from further crimes is not an issue because the defendant will be incarcerated for 240 months on his other federal case. That assertion is unfounded, however, because the defendant has continued to commit crimes, including this offense, while he has been incarcerated.

A consecutive Guidelines sentence of 41 to 51 months' imprisonment is therefore appropriate for this defendant. That sentence is commensurate with the seriousness of this offense, will send a message to those seeking to retaliate against federal judges and law enforcement officers for the performance of their official duties, and will protect the public from future crimes of the defendant.

**D. Conclusion**

For the above-stated reasons, the Government recommends that the Court impose a Guidelines sentence to run consecutively to the defendant's other sentence.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By: __/s/_____
Peter J. Davis
Assistant United States Attorney
(212) 637-2468

cc: David Bertan, Esq. (by ECF)